UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MIGUEL ANGEL ENRIQUES BECERRA,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:25-cv-1506

Hon. Hala Y. Jarbou

## ORDER

      This is a habeas corpus action brought an individual detained by the United States Immigration and Customs Enforcement (ICE), challenging the lawfulness of Petitioners' current detention. On December 8, 2025, the Court entered an opinion and judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF Nos. 6, 7.) The Court ordered, *inter alia*, that Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. The Court also ordered Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

      On December 15, 2025, Respondents filed a status report indicating that a bond hearing was held on December 10, 2025, and that bond was denied because "Petitioner did not establish that he did not pose a flight risk." (ECF No. 8.) This matter is now before the Court on Petitioner's "motion to enforce judgment and grant immediate release" and his "motion to reopen habeas petition." (ECF Nos. 9, 10.)

In his motion, Petitioner claims that the December 10, 2025, bond hearing violated his due process rights because counsel was never served with notice, was unable to appear, and was afforded no opportunity to present evidence. (ECF No. 8, PageID.97.) Petitioner's attorney only learned of the hearing after the fact, when he was notified by Petitioner's family. (*Id.*) During the hearing, Petitioner told the Immigration Judge that he was represented by counsel and requested a brief continuance so that counsel could appear and submit supporting evidence. (*Id.*) However, the immigration judge disregarded Petitioner's statement and faulted him for the absence of evidence, denying Petitioner notice and a meaningful opportunity to present evidence. (*Id.*)

Upon review of Petitioner's motion, it appears that Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's December 8, 2025, Opinion and Judgment. However, the Court notes that this action is closed. The issues raised in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's December 8, 2025, Opinion and Judgment. If Petitioner wishes to file a *new* § 2241 petition in this Court, he may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*. Because the matters raised in Petitioner's motions are properly raised in a new petition, the Court will **DENY** Petitioner's post-judgment motions.

**IT IS SO ORDERED**.

Dated: February 11, 2026         /s/ Hala Y. Jarbou
                                 HALA Y. JARBOU
                                 CHIEF UNITED STATES DISTRICT JUDGE